O’NIELL, J.
This is a suit to have the defendant removed from the office of superintendent of public schools of Winn parish, and to have Asa Leonard Allen, one of the plaintiffs, declared elected and entitled to the office. The action is based upon the petition of 33 resident taxpayers, patrons of the public schools, of Winn parish. Judgment was rendered in favor of the plaintiffs and relators, in accordance with the prayer of their petition, removing the defendant from the office and prohibiting him from exercising any of the functions thereof, declaring Asa Leonard Allen elected and entitled to the office for the term of four years beginning on the 1st of July, 1917, and reserving his right to sue for the salary collected by the defendant from that date. The defendant prosecutes this appeal. The plaintiffs and relators, answering the appeal, pray that the judgment be affirmed, if not as rendered on the merits, then upon a rule which they took upon the defendant for a judgment on the pleadings, which rule was dismissed by the district judge.
The defendant’s answer to the suit did not conform with the requirement of section 1 of Act No. 300 of 1914 that the defendant, in his answer, shall either admit or deny specifically each material allegation of fact contained in the petition. However, having considered the case on its merits, we have concluded to rest our judgment on the evidence rather than on the defendant’s error of pleading.
It appears that the term of office of superintendent of public schools of Winn parish expired on the 1st of July, 1917. The defendant was then in office, and the board of school directors met on the' 5th of January to elect his successor. He and Asa Leonard Allen were candidates for the office. Ballots were prepared, some bearing the name of Mixon and others the name of Allen printed on them. At the meeting, only nine of the ten members composing the board were present. They called in two outsiders to serve as tellers, and proceeded to an election by secret ballot. No one read the names on the ballots as they were call-, ed and counted except the teller who drew them from the hat into which they had been secretly deposited by the members voting. Each ballot was placed on a table by the teller as he announced the name of the person voted for, and the tickets were then mixed with those that had not been used, so that it was not possible to recount the ballots cast or verify the result announced. The other teller kept talley as the names were called. The result announced was that Mixon had received five votes and Allen four. Allen then made a magnanimous address, congratulating his opponent, thanking the members of the board who had voted for him, the defeated candidate, and assuring the other members that he had no doubt they had been guided only by their best judgment. That afternoon, the meeting having adjourned until the next morning, five members of the board called to express their sympathy for Allen, and each assured him .of having voted for him. When each one learned that the other four had voted for Allen, they concluded that a false result had been announced, either by mistake or otherwise, and each of the five members signed an affidavit declaring that he had voted for *717 Allen. When the board resumed its session, the next morning, the affidavit was produced- and a resolution offered, declaring that Asa Leonard Allen was elected to the office of superintendent of public schools for-the term-of four years commencing on the 1st of July, 1917. The resolution was adopted, and Allen declared elected, by a viva voce or yea and' nay vote.
It is not contended that there was fraud in the reading or counting of the ballots cast on the 5th of January, 1917, and we are convinced that either an honest mistake was made, or that one of the voters deceived Al-' len. With that doubt prevailing, the result announced could not be changed if .the election had been held according to law. But it was not so held, and was therefore not a valid election. Article 203 of the - Constitution declares that in all elections by the people the electors shall vote by ballot, and the ballots shall be publicly counted, but that,- in all elections by persons voting iii a representative capacity, the vote shall be viva voce.
The judgment appealed from is affirmed, at the cost of the appellant.